WWR# 21384440

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS (DANVILLE)

In Re: Timothy J. Beurskens and Mindy L. Beurskens

                      Debtors,

Case No. 17-90837
Chapter 13
Hon. Thomas L. Perkins

_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Citizens Bank, N.A., by and through its attorneys, Weltman, Weinberg & Reis Co. L.P.A., and states the following as its Motion for Relief from Automatic Stay:

1. This action is commenced pursuant to 11 U.S.C. § 361, 362, 363 and other Sections of Title 11 of the Bankruptcy Code.

2. Debtors, Timothy J. Beurskens and Mindy L. Beurskens, filed a petition under 11 U.S.C., Chapter 13, on July 30, 2017.

3. Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of the Debtors' petition operates as an automatic stay against Citizens Bank, N.A.'s rights as a secured creditor to proceed against Debtors and their property.

4. On April 5, 2016, the Debtors herein did execute and deliver to the Movant a certain Retail Installment Contract in the amount of $68,675.54 (Exhibit A), secured by a security interest in a 2016 CHEVROLET SUBURBAN, Motor Vehicle Serial 1GNSKHKC8GR272138 (Exhibit B).

5. There remains due and owing on the Retail Installment Contract referenced in paragraph four hereof, the sum of $59,991.05 plus interest.

6. Creditor has not been adequately protected by periodic payments or otherwise since the filing of the Debtor's petition and there are arrearages of $3,299.31 as of the date of the filing of this motion, for the months of June 2017 through August 2017.

7. The property is valued at $40,323.00 and encumbered by other liens in the amount of $0.00 according to the schedules.

8. The Plan provides for the surrender of the vehicle.

9.  Creditor believes that there is no equity in the 2016 CHEVROLET SUBURBAN that is the subject of its lien and that said property may be of inconsequential value to the estate.

10. Continuation of the automatic stay will work real and irreparable harm to Citizens Bank, N.A. and will deprive it of the adequate protection to which it is entitled.

11. Citizens Bank, N.A. is entitled to relief from stay to recover possession of the property and liquidate its security interest.

12. Citizens Bank, N.A. specifically requests that the fourteen-day stay pursuant to Rule 4001(a)(3) prior to enforcement of the order requested herein be waived; such grace period is designed solely for appeal purposes, and an appeal in this matter would be frivolous and without merit.

WHEREFORE, Citizens Bank, N.A. prays this honorable Court Order that the automatic stay be lifted so as to permit Citizens Bank, N.A. to proceed to enforce its security interest in the property.

Respectfully submitted,

**WELTMAN, WEINBERG & REIS CO., L.P.A.**

Date: September 7, 2017     By: /s/ Monette Cope
                                Monette Cope
                                180 N. LaSalle Street, Suite 2400
                                Chicago, IL 60601
                                312-253-9625
                                ARDC # 6198913
                                Attorney for Creditor
                                Citizens Bank, N.A.

WWR# 21384440

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS (DANVILLE)

In Re: Timothy J. Beurskens and Mindy L. Beurskens

                Debtors,

Case No. 17-90837
Chapter 13
Hon. Thomas L. Perkins

_____/

### PROOF OF SERVICE

Creditor Citizens Bank, N.A. filed a Motion for Relief from the Automatic Stay. All parties were served a copy of the motion on September 7, 2017. The Motion was served upon Debtors(s) by depositing the same in the U.S. Mail at 180 N. LaSalle Chicago, Illinois postage prepaid addressed below. The remaining parties were served by the Court's CM/ECF electronic noticing.

Timothy J. Beurskens
Mindy L. Beurskens
22 Kickapoo Place Rd.
Charleston, IL 61920

Roy Jackson Dent
Dent Law Office, Ltd.
Attorney for Debtors
P.O. Box 1633
Effingham, IL 62401

Marsha L Combs-Skinner
Chapter 13 Trustee
108 S. Broadway
PO Box 349
Newman, IL 61942

Nancy J. Gargula
U.S. Trustee
Office Of Nancy J. Gargula U.S. Trustee
401 Main Street, Suite 1100
Peoria, IL  61602

Respectfully submitted,

**WELTMAN, WEINBERG & REIS CO., L.P.A.**

By: /s/ Cynthia J Komenda
      Cynthia J Komenda, Legal Assistant

# RETAIL INSTALLMENT CONTRACT - MOTOR VEHICLE - SIMPLE INTEREST

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your downpayment of $0.00 |
|---|---|---|---|---|
| 5.90 % | $13,807.21 | $68,675.54 | $82,482.75 | $82,482.75 |

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 76 | $1,099.77 | Monthly beginning 5/20/2016 |
| N/A | N/A | N/A |

Security: You are giving a security interest in the goods being purchased and in any moneys, credits or other property of yours in the possession of the Assignee, on deposit or otherwise.

Late Charge: If any payment is ten (10) days late, you will be charged 1) 5% of the installment if the installment is in excess of $200.00, or ii) $10.00 if the installment is for $200.00 or less.

Prepayment: You have the right to prepay the unpaid balance in full or in part at anytime without penalty.
See your contract terms below and on the reverse side for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interests.

**Other Charges / Amts Paid**

| To MBPI | $2,997.00 | To MBPI TIRE & WHEEL | $1.00 | To DOC FEE | $169.00 |
|---|---|---|---|---|---|
| To N/A | N/A | To EPP | 1.00 | To GAP | $695.00 |
| To N/A | N/A | To MBPI TIRE & WHEEL | 1.00 | Total Other Charges & Amount Paid to Others for You | $7,675.54 |

**Itemization of Amount Financed**
- Cash Price: $61,000.00
- Less Cash Downpayment: $8,000.00
- Trade-in: $18,763.00
- Lien Payoff PNC Bank: -$27,777.49
- Net Trade: -$9,014.49
- Total Downpayment: N/A
- Unpaid Balance of Cash Price: $61,000.00
- Amount Paid to Others for You:
  - Unpaid Balance Due on Trade-In: $1,014.49
  - 2013 Nissan Quest – Year Make Model of Buyer's Trade-In
  - To PNC Bank
  - Insurance Companies: N/A
  - Public Officials (License, Title & Taxes): $2,772.05
  - Paid to ERT Service Provider for Optional ERT Fee: $25.00
  - DOC FEE: $169.00
  - GAP: $695.00
- Total Other Charges & Amounts Paid to Others for You: $7,675.54

Buyer(s): TIMOTHY BEURSKENS 22 KICKAPOO PLACE RD CHARLESTON, IL 61920

Buyer(s): MINDY BEURSKENS 22 KICKAPOO PLACE RD CHARLESTON, IL 61920

Seller: Diepholz Chevrolet-Buick-GMC-Cadillac 631 West Lincoln Ave CHARLESTON, IL 61920

| New or Used | Year | Make of Vehicle | Model | Body Style | No. Cyl. | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| New | 2016 | CHEVROLET | K1500 SUBURBAN | | 8 | 1GNSKHKC8GR272138 | TUNGSTEN | | |

Buyer Promises to pay to the order of Seller at the offices of:
Citizens Bank, N.A. (Assignee) located at Sacramento, CA

the Amount Financed shown above together with a Finance Charge on the principal balance of the Amount Financed from time to time unpaid at the rate of 5.98 % per annum from date until maturity in 74 installments of $1,099.77 each and a final installment of $1,099.77 beginning May 20, 2016

[contract terms continue]

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT

Credit Insurance is not required by Seller nor is it a factor in approval of the extension of credit. No credit insurance is to be provided unless the Buyer signs the appropriate authorization below. Group Credit Insurance is available for the term of the credit upon acceptance by insurer at the following costs:

| I desire Credit Life Insurance $ N/A | I desire Credit Disability Insurance $ N/A | I DO NOT want Credit Life or Disability Insurance |
|---|---|---|
| N/A | N/A | 4/5/2016 |
| N/A | N/A | 4/5/2016 |

SEE REVERSE HEREOF FOR INFORMATION ON POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.

## NOTICE OF PROPOSED GROUP CREDIT LIFE INSURANCE

[notice text]

Other insurance: GAP, the cost for a term of 75 months will be $695.00

BUYER AGREES THAT THE PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS RETAIL INSTALLMENT CONTRACT AND BE INCORPORATED HEREIN. If this contract evidences the sale of a used motor vehicle (1) Buyer acknowledges receipt of the original or a true copy of the "Buyer's Guide" form displayed by Seller on the side window of the used vehicle, and (2) THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS USED VEHICLE IS A PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

DOCUMENTARY FEE: A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

The Annual Percentage Rate may be negotiable with the Seller. If this Contract is assigned, Seller may retain or receive a portion of the Finance Charge.

NOTICE TO BUYER: 1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge. Buyer confirms receiving a copy of this contract and had a chance to read and review it before Buyer signed it. By signing below Buyer agrees to the terms of this contract. Guarantor, if any, acknowledges receipt of completed copies of this contract and of Explanation of Guarantor's Obligation.

CO-BUYER: A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the vehicle's title. By signing below, (1) I confirm that I will actually receive possession of the vehicle or will use it, or that I am a parent or spouse of the Buyer, or that I will be listed as an owner on the vehicle's title; (2) I agree to be primarily obligated under this contract; and (3) I consent to the Creditor having a security interest in the vehicle.

Dated: 04/05/2016

Buyer(s) acknowledges receipt of a fully completed and executed copy of this Contract.

RETAIL INSTALLMENT CONTRACT

Seller: Diepholz Chevrolet-Buick-GMC-Cadillac

By: [signature]

Guarantor: [signature]

Buyer: [signature]
Buyer: [signature]

ORIGINAL

### ADDITIONAL AGREEMENTS OF BUYER

1. Waiver of any default in the payment of any installment of the total of payments when due shall not operate as a waiver of any subsequent default. No extension of the time of payment or any other modification of the terms of this contract shall be binding on Holder unless expressly thereto in given by an executive officer or holder. This contract shall be binding upon and inure to the benefit of the parties, their heirs, personal representatives, successor and assigns.

2. Buyer agrees to keep said motor vehicle fully insured against loss by fire, theft and collision for the entire term of this contract in companies acceptable to holder. Holder is authorized to purchase all insurance included in this contract. Insurance coverages, other than required insurance, have been voluntarily contracted for by Buyer. Buyer may elect to purchase any required insurance from an insurance company, agent or broker of his own choice. If Buyer so elects, he shall furnish Seller with a policy or binder issued by a company acceptable to Seller on or before taking possession of the motor vehicle, the inclusion of Buyer's premiums in this contract is optional with Seller. All policies procured by Buyer shall provide that loss, if any, shall be payable to Buyer and to the holder of this contract as their respective interest may appear and a clause requiring insurer to give the holder 10 days written notice of cancellation. In the event of the failure of Buyer to insure said motor vehicle or to deliver a fully paid policy to holder at the times and in the manner herein provided, or in the event of cancellation or expiration of any policy during the term of this contract without replacement by Buyer within 10 days, such failure shall constitute an event of default hereunder. Holder shall have the option, but shall not be required, to procure such insurance for Buyer and to advance the premium therefor. Buyer hereby promises to pay any such premium with finance charge thereon at the annual percentage rate stated on the reverse side hereof as an additional indebtedness due hereunder. Buyer hereby assigns to holder the proceeds of all insurance on said motor vehicle including unearned premium refunds. In the event of default by Buyer hereunder, holder is authorized to cancel such insurance received and receipt for unearned premiums and to endorse any check or draft therefore made payable to Buyer. Any unearned premiums received by the holder shall be credited to the final maturing installments of this contract except to the extent applied toward payment for similar insurance protecting the interest of Buyer and the holder, or either of them.

3. COLLATERAL PROTECTION INSURANCE. Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the costs of that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

4. Buyer shall not use or permit said motor vehicle to be used in violation of any law or ordinance, State, Federal, or Municipal. Buyer shall not sell, lease, encumber or place said motor vehicle in any other person's possession or remove it from the U.S. without the written consent of the holder of this contract. Buyer shall not use said motor vehicle for hire or as a taxi. Buyer shall keep said motor vehicle free from all mechanic's liens, tax liens and all other liens.

5. Upon the occurrence of any event of default, the holder of this contract shall have the rights and remedies provided by Article 9 of the Illinois Uniform Commercial Code including, but not by way of limitation, the rights of the holder (a) to take immediate possession of the motor vehicle, with or without judicial process, and for such purpose, to enter upon the premises where it may be located, and (b) to give Buyer reasonable notice of the time and place of the sale thereof of at the time after which any private sale or other intended disposition thereof is to be made; and (c) to dispose of the motor vehicle at public or private sale in accordance with said notice to Buyer and to have at a public sale and (d) to apply the proceeds of sale first to the reasonable expenses of retaking, holding, preparing for sale and selling and to reasonable attorneys' fees and legal expenses incurred by holder, and second, to satisfaction of Buyer's indebtedness hereon and third, to satisfaction of any subordinate security interest in the motor vehicle if demand therefor is received by holder before disposition of the proceeds, and to account to Buyer for any surplus remaining. Buyer shall be liable for any deficiency. It is expressly agreed by Buyer that the requirements of reasonable notice shall be met if notice is mailed to Buyer at the address of Buyer shown herein not less than 10 days prior to the sale or other disposition. All rights and remedies of the holder, whether provided for in this contract or conferred by law, are cumulative.

6. Holder is authorized to apply any payment made by Buyer hereon to any other indebtedness of Buyer to holder, whether arising under the contract or otherwise.

7. Buyer agrees that holder, in retaining said motor vehicle as herein provided, may take possession of personal effects and property found therein and hold the same for delivery to Buyer.

8. Buyer agrees that holder may try to contact Buyer in writing, by email, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. Buyer also agrees that holder may try to contact Buyer in these and other ways at any address or telephone number Buyer provides, even if the telephone number is a mobile phone number or the contact results in a charge to the Buyer.

9. The terms of this contract are governed by the laws of the State of Illinois. If any provision of this contract is held invalid, the invalidity shall not affect the remaining provisions thereof.

### "NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM."

(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY. (2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

### ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby sells, assigns and transfers to _Citizens Bank N.A._

ASSIGNEE, its successors and assigns, all of Seller's right, title and interest in and to the within contract and the motor vehicle described therein. To induce Assignee to purchase said contract, Seller represents and warrants to Assignee (1) that the within contract is valid and genuine and correctly states the terms of the total installment transaction between Seller and Buyer; (2) that the motor vehicle described has been delivered to and accepted by the Buyer; (3) that the down payment was paid in full, in cash or in trade, and that no part was loaned to Buyer by Seller; (4) that Seller had good title to and the right to sell said motor vehicle to Buyer and that the motor vehicle is free of all liens, claims and encumbrances; (5) that no notice of any defense or right of action has been received by Seller from Buyer nor has Seller any knowledge of any fact that would impair the validity of the contract; (6) that Seller has the right to sell and assign this contract to Assignee; (7) that all buyers have legal capacity to contract; (8) that on the date of the contract Seller executed and delivered to each Buyer a completed copy of the contract and to the Guarantor a completed copy of the contract and Explanation of Guarantor's Obligation; (9) Seller has complied with all requirements of the Federal Truth in Lending Act, Regulation Z, the Federal Equal Credit Opportunity Act and the Illinois Motor Vehicle Retail Installment Sales Act and the regulations of all governmental agencies; (10) that on the date of the contract, Seller assigned to Buyer the Manufacturer's Statement of Origin or the existing Certificate of Title, as the case may be, issued covering said motor vehicle, procured from Buyer a signed application for a lien certificate or title to be issued to Buyer and mailed to Assignee showing correctly the date of the active contract, the name and address of Assignee as holder of the first lien on the motor vehicle and the amount of said lien and caused to be delivered to the Secretary of State of Illinois all of the documents described with the prescribed fee; (11) that the motor vehicle has not been used as a taxi or for hire or for commercial transportation or by law enforcement agencies; (12) that the sale was made at Seller's place of business and was not a door-to-door sale within the definition of the Federal Trade Commission Trade Regulation Rule or the Illinois Consumer Fraud Act; and (13) that the Seller believes the Buyer to be of good moral character and that Buyer will not use or permit said vehicle to be used for unlawful purposes. If any of the foregoing representations and warranties is breached, Seller agrees to repurchase the within contract for the unpaid balance and all other indebtedness then due from Buyer thereon, together with reasonable attorneys' fees, costs and expenses incurred by Assignee.

Dated _4-5-16_

### REPURCHASE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event a claim or defense is asserted against Assignee by the Buyer at any time, Seller shall, on demand, repurchase the within contract for cash at a price equal to the net amount remaining unpaid on said contract; and Seller shall indemnify and hold Assignee harmless from any and all liabilities that may result at any time from any claim asserted by Buyer for recovery of amounts paid arising out of any promise, representation or warranty made by Seller or the Manufacturer to Buyer.

Dated _____

By: _____ Seller
By: _____ Authorized Signature Title

### FULL RECOURSE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller unconditionally guarantees prompt and full payment by Buyer of the Total of Payments and all other amounts due from Buyer under the within contract. If Buyer shall fail to pay any installment when due, Seller agrees to pay to Assignee, on demand, the full amount remaining unpaid on said contract. Seller agrees that it shall not be necessary for Assignee to proceed first against Buyer or to have recourse to the motor vehicle before proceeding to enforce this agreement. Extension of the time of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated _____

By: _____ Seller
By: _____ Authorized Signature Title

### LIMITED REPURCHASE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event that Assignee repossesses the motor vehicle described in the within contract on account of default by Buyer and delivers the same to Seller, Seller shall, on demand, repurchase said motor vehicle for cash at a price equal to the amount remaining unpaid on said contract plus all costs and expenses, including attorneys' fees, incurred by Assignee by reason of Buyer's default or in connection with repossession and delivery of the motor vehicle. This repurchase agreement shall remain in effect until Buyer has paid _____ full installments of the Total of Payments. Extension of the time of payment or variation of terms effected with the Buyer shall not release Seller from his obligation hereunder.

Dated _____

By: _____ Seller
By: _____ Authorized Signature Title

### LIMITED GUARANTEE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller unconditionally guarantees that, in the event of default by the Buyer in the full payment of any installment of the within contract when due, Seller will pay to Assignee, on demand, the unpaid balance then due on the contract up to the limit of $ _____. This guarantee shall terminate after Buyer has paid _____ full scheduled installments on the Total of Payments. Extension of the times of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated _____

By: _____ Seller
By: _____ Authorized Signature Title

### SEPARATE ASSIGNMENT AGREEMENT (Do Not Execute Above Assignment)

Instead of the Seller's obligations set forth in the above assignment and other listed agreements (Repurchase, Full Recourse, Limited Repurchase and Limited Guarantee), this assignment is made under the terms of a separate agreement made between Seller and Assignee.

Dated _____

By: _____ Authorized Signature Title

## NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACTION

# STATE OF ILLINOIS
## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO |
|---|---|---|---|---|---|
| 1GNSKHKC8GR272138 | 2016 | CHEVROLET | SUBURBAN | UTILITY | 16124694662 |
| 1GNSKHKC8GR272138 | | | | | |

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 05/03/16 | 49 | | | 04/05/16 NEW | ORIGINAL |
| | 49 | | | | |

MAILING ADDRESS

LEGEND(S)

ACTUAL MILEAGE

CITIZENS BANK NA
PO BOX 255587
SACRAMENTO CA 95865-5587

OWNER(S) NAME AND ADDRESS
TIMOTHY BEURSKENS
MINDY BEURSKENS
22 KICKAPOO PLACE RD
CHARLESTON IL 61920

FIRST LIENHOLDER NAME AND ADDRESS
CITIZENS BANK NA
PO BOX 255587
SACRAMENTO CA 95865-5587

SECOND LIENHOLDER NAME AND ADDRESS

**RELEASE OF LIEN**
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

NEW LIEN ASSIGNMENT: The information below must be on an application for title and presented to the Secretary of State
Secured Party                Address

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

**ASSIGNMENT OF TITLE**
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair market value unless this document is accompanied by a salvage application."

ODOMETER READING   NO TENTHS
Signature(s) of Seller(s)
Printed Name(s) of Seller(s)                                    DATE OF SALE
I am aware of the above odometer certification made by seller
Signature(s) of Buyer(s)                   Printed Name

I Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.
M5630150

Jesse White
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

---

MUST BE COMPLETED BY SELLER
DO NOT DETACH UNTIL SOLD
NOTICE OF SALE
SEE INSTRUCTIONS ON REVERSE

| CHEVROLET | 2016 | | 1GNSKHKC8GR272138 | |
|---|---|---|---|---|
| Vehicle Make | Vehicle Year | | Vehicle Identification Number (VIN) | Date |

Name of Seller (Current Registered Owner)                Name of Buyer

Complete Address of Seller                               Complete Address of Buyer

City                  State    ZIP    City               State   ZIP

Under penalties of perjury, I hereby certify that the foregoing is true and correct under the laws of the United States

Seller's Signature                 Printed Name of Seller            Date